Ryan T. Earl
Brian E. Hefner (Admitted *Pro Hac Vice*)
EARL & EARL PLLC
6126 W. State Street #203
Boise, ID 83703
Telephone: 208-890-0355
Fax: 208-465-6156
ISB# 8342 WSBA# 34007 CO#45910
enepllc@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS,<br><br>Plaintiff,<br><br>vs.<br>CORIZON, INC.; DR. YOUNG; NP POULSON; MS. RONA SIEGERT; MS. SHELLI MALLET; PA TAKAGI; WARDEN BLADES; WARDEN YORDY; NP GELOK; NP SHAFFER.<br><br>Defendants. | Case No: 1:15-CV-00304-BLW<br><br>PLAINTIFF'S MOTION TO STAY CORIZON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d) |

COMES NOW, Plaintiff, Kent Richard Ellis, by and through his attorney of record, Brian E. Hefner and respectfully submits this Motion to Stay Corizon Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d). Staying the Summary Judgment will allow Plaintiff time to conclude the necessary depositions in order for Plaintiff to have the necessary evidence to properly oppose Corizon Defendants' motion for summary judgment. Plaintiff requests that the pending summary judgment be stayed until 30 days after the last deposition has been taken. This motion is supported by the Declaration of Brian E. Hefner.

As a preliminary matter, Corizon Defendants argue that they were providing "conservative treatment" of Mr. Ellis' hip condition. Plaintiff acquiesces that conservative

treatment is always the first option for treatment. Where the parties differ, though, is Plaintiff argues that Corizon Defendants did not properly diagnose what they were treating and therefore, the conservative treatment was incorrect, prolonged, and ultimately unhelpful. For example, if a patient went to his physician complaining of a bad headache and dizziness and the doctor tells the patient to take two aspirin, rest, and drink plenty of fluids, that would be conservative care. However, if the doctor never completed any of the easy tests for a stroke, the doctor would be grossly negligent (deliberately indifferent). Here, Plaintiff was conservatively treated for something. Plaintiff does not have the diagnosis of what he was being treated for. Corizon Defendants did not have, and refused to obtain, the medical information necessary to provide a proper diagnosis; and thus, an informed conservative treatment plan.

Plaintiff has stated several times that his medical record provided by Defendants are missing records. On April 12, 2018, Corizon Defendants provided an additional 75 pages of missing records. Plaintiff has not had time to review the records and determine whether his medical file is complete as produced by Defendants.

## BACKGROUND

This case is a prisoner civil rights case brought under 42 U.S.C. § 1983 for deliberate indifference towards Plaintiff and his serious medical condition. In 2006, Plaintiff injured his right hip playing in a prison basketball game while interred at a private Texas prison where Plaintiff had been transferred by IDOC. Plaintiff returned to Idaho in late September 2008 and complained of hip and lower back pain and was treated with anti-inflammatory drugs and exercise. Over the next seven years, Plaintiff suffered in pain while his hip joint continually deteriorated as a result of a torn labrum and other damage. Plaintiff's hip deteriorated to the point he required a total hip replacement in 2015. Corizon Defendants failed to utilize diagnostic

measures available, including conservative treatment to obtain as much information as possible to properly diagnose Plaintiff's condition. This disregard for a dedicated attempt to fully explore what was causing Plaintiff's continual hip pain, ultimately resulted in severe hip deterioration, a condition which potentially could have been avoided with a medically focused inquiry into the hip pain. Medical technology was available and Plaintiff's hip could have been properly diagnosed, treated, and saved. Corizon Defendants completely disregarded the fact that Plaintiff had a definitive place and time when an acute injury occurred as a result of a fall, and instead treated Plaintiff's injury as if Plaintiff's hip pain was due to an overuse syndrome or a degenerative disease. Defendants blindly continued with "conservative treatment."

Currently, pending before this Court is Plaintiff's Motion to Compel Defendant Corizon to designate, prepare, and schedule a Fed. R. Civ. P. 30(b)(6) deposition. [Dkt. 73]. Ideally, Plaintiff wanted to complete the 30(b)(6) deposition of Defendant Corizon first, in order to acquire the necessary background information making a more thorough deposition of the remaining Corizon defendants possible. As this Court is aware, Plaintiff has been trying to schedule the 30(b)(6) deposition of Defendant Corizon since October 2017. Defendant Corizon and the remaining Corizon Defendants have unreasonably interfered with Plaintiff's ability to get the necessary discovery to adequately prosecute his case. This Court has not yet made its decision on Plaintiff's motion to compel his 30(b)(6) deposition.

Currently, the following depositions have been scheduled:

| Deponent | Date | Place |
|---|---|---|
| Defendant P.A. Takagi | April 20, 2018 | Condon, Oregon |
| Defendant Dr. Young | April 27, 2018 | Boise, Idaho |
| Defendant Shaffer | May 18 or 25, 2018 | Pocatello, Idaho |

| | | |
|---|---|---|
| Defendant Corizon (30(b)(6)) | TBD | TBD |

**ARGUMENT**

Rule 56(d)[1] states: If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) Defer considering the motion or deny it;

(2) Allow time to obtain affidavits or declarations or to take discovery; or

(3) Issue any other appropriate order.

Fed. R. Civ. P. 56(d). The party opposing the motion for summary judgment bears the burden of showing "what facts she hopes to discover to raise a material issue of fact." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (*quoting Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir. 1986)). Orders denying additional discovery are reviewed under an abuse of discretion standard. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

In this case, Plaintiff has been unable to conduct necessary depositions of the Corizon Defendants which would allow him to receive the necessary evidence to adequately respond to Defendants' motion for summary judgment. Plaintiff planned on conducting his 30(b)(6) of Corizon first, in order to establish company policies for providing medical services to offenders housed in IDOC custody. However, Defendant Corizon has continued to object to the timeframe and to how it is paid for providing offender medical care, and how Corizon compensates outside providers for providing medical care, necessitating taking this Court's valuable time for a

[1] Rule 56 was amended in 2010, which renumbered Rule 56(f) to Rule 56(d), therefore, most of the caselaw deals with Rule 56(f).

discovery dispute. Furthermore, Corizon Defendants' counsel stated that he would conduct all of his depositions before he would allow any of Plaintiff's depositions to be taken.

Plaintiff expects to discover facts that will allow Plaintiff to be able to adequately defend Corizon Defendants' motion for summary judgment. Among the facts Plaintiff will discover are Corizon's policies and procedures for providing offender health care; Corizon and IDOC's policies and procedures for obtaining medical records for offenders transferring into an IDOC facility; how Corizon is paid for dispensing offender health care; whether proper diagnostic methods were followed and/or allowed; and what duties Corizon had under their contract with IDOC to provide offender medical care. Currently, Plaintiff does not have any of these facts because Corizon Defendants have stonewalled and prevented Plaintiff from obtaining this discovery through his requested depositions.

Plaintiff admits that the pattern of inadequate and inconsistent medical care by any one individual defendant taken in isolation would not likely rise to the level of deliberate indifference required by the law. However, when the Court takes Plaintiff's case as a whole, suffering in pain without a fully informed diagnosis of the underlying cause of Plaintiff's pain rises to the level of deliberate indifference. Plaintiff's case theory is simply boiled down to this: "Corizon places profits over prisoners." Plaintiff believes that with the proper discovery, he can show a dispute of material facts that the Defendants were deliberately indifferent to his serious medical needs. *See, e.g., Estelle v. Gamble,* 429 U.S. 97 (1976).

Therefore, Plaintiff respectfully requests an order staying Defendants' motion for summary judgment until 30 days after the last deposition to give Plaintiff time to conduct the

///

necessary depositions and review the deposition materials. Further, Plaintiff respectfully requests an order granting an immediate stay pending this Court's decision on this Motion to Stay.

Dated this 17th day of April 2018.

/s/ Brian E. Hefner
Brian E. Hefner, OSB #163969
*Pro hac vice*
Attorney for Plaintiff
brian@earlandearl.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of April 2018 I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Dylan A. Eaton<br>J. Kevin West<br>Parsons, Behle & Latimer<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702 | ______ U.S. Mail<br>______ Overnight Mail<br>______ Hand Delivery<br>______ Facsimile (208) 562-4901<br>______ Email<br>___X__ ECF |
| Leslie Hayes<br>Office of the Attorney General<br>954 W. Jefferson Street, 2nd Floor<br>P.O. Box 83720<br>Boise, ID 83720-0010 | ______ U.S. Mail<br>______ Overnight Mail<br>______ Hand Delivery<br>______ Facsimile (208) 562-4901<br>______ Email<br>__X___ ECF |

_____/s/_______________________
Brian E. Hefner