Ryan T. Earl
Brian E. Hefner (Admitted *Pro Hac Vice)*
EARL & EARL PLLC
6126 W. State Street #203
Boise, ID 83703
Telephone: 208-890-0355
Fax: 208-465-6156
ISB# 8342 WSBA# 34007 CO#45910
enepllc@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS,<br><br>Plaintiff,<br><br>vs.<br>CORIZON, INC.; DR. YOUNG; NP POULSON; MS. RONA SIEGERT; MS. SHELLI MALLET; PA TAKAGI; WARDEN BLADES; WARDEN YORDY; NP GELOK; NP SHAFFER.<br><br>Defendants. | Case No: 1:15-CV-00304<br><br>DECLARATION OF BRIAN E. HEFNER IN SUPPORT OF PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d) |

Comes now, Brian E. Hefner, and deposes and swears to the following:

1. I am over the age of 18 and am duly licensed to practice law before this Court, *pro hac vice*. I am an attorney of record for Plaintiff, Kent Ellis, in the above-referenced action. I have personal knowledge of the facts set forth herein and understand that my statement is being offered as evidence and subject to the laws for perjury.

2. Plaintiff has been attempting to schedule his 30(b)(6) deposition of Defendant Corizon since October 2017; this deposition is currently a subject of Plaintiff's motion to compel now pending before this Court.

3. The evidence Plaintiff will gain from this deposition and production of documents includes:

a. Corizon's (including Corizon, LLC, Corizon, Inc., and Correctional Medical Services, Inc.) policies and procedures for offender health care;
b. Corizon's policies and procedures for offenders receiving orthopedic care;
c. Corizon's policies and procedures for offenders receiving proper diagnostic care for long-term conditions;
d. Corizon's policies and procedures for referring offenders to off-site medical providers for care and diagnostics;
e. How Corizon is compensated for providing offender medical care;
f. Corizon's contracts with IDOC for providing medical care to offenders under IDOC custody and care.

4. By deposing the remaining Defendants, Plaintiff will be able to measure their care of Plaintiff to the IDOC contract's guidelines and Corizon's own policies and procedures.
5. Plaintiff has been requesting to depose the remaining Defendants since October; however, Defendant's counsel has stated he expected to conduct all of his depositions first. *See* Exhibits 1 (letter from Mr. Eaton to Mr. Earl dated December 15, 2017 attached hereto and incorporated herein by reference) and Exhibit 2 (email from Mr. Eaton demanding that he be allowed to complete his depositions first).
6. Defendant Corizon has never provided any policy or procedure relating to the subject matter of this case, even though it has been on notice since October 2017, that Plaintiff would be seeking this discovery through Plaintiff's 30(b)(6). Defendant Corizon has a

continuing duty under Fed. R. Civ. 26(e), to supplement its disclosures, but has failed to do so.

7. Plaintiff lacks sufficient evidence to defend against Defendants' motion for summary judgment at this time, due to Defendants' refusal to allow Plaintiff to conduct his requested depositions and failure to supplement Defendants' disclosures.

8. Among the facts that Plaintiff will gain from conducting his remaining discovery are:
    a. Corizon's policies and procedures;
    b. Cost sharing between Corizon and IDOC for offender medical care;
    c. Corizon's financial incentives for denying offender medical care;
    d. Defendants Takagi, Dr. Young, Gelock, and Shaffer's diagnostic processes and authority for ordering diagnostic testing;
    e. Whether the Defendants followed established medical care policies and procedures;
    f. Whether Defendants' standard of care met the community standards of care;
    g. Whether Defendant Corizon placed an unreasonable restriction on its medical providers to restrict medical diagnostic testing; and
    h. Other evidence that will create a dispute of material fact.

9. The above evidence will be sufficient to create a dispute of material fact or will allow Plaintiff to file a cross-motion for summary judgment; however, the necessary evidence has been shielded from Plaintiff by Corizon Defendants' counsel refusing to allow Plaintiff to complete his depositions.

10. Corizon Defendants have been on notice since October 2017 of the requested evidence production yet has failed to provide a single item requested on each of the six Rule

30(b)(6) and Rule 34 notices. Corizon Defendants have continually stonewalled Plaintiff's attempts to discover the necessary evidence.

11. Plaintiff will, after conducting and receiving the above-mentioned depositions, be able to properly respond to Defendants' motion for summary judgment.
12. All depositions are scheduled except for the 30(b)(6) deposition of Defendant Corizon, which is subject to Plaintiff's motion to compel.
13. Plaintiff's theory of the case is that Defendant Corizon places profits above the proper and necessary care of prisoners. Defendant Corizon's complete disregard for attempting to obtain a proper diagnosis of Plaintiff's hip pain etiology is a clear result of Defendant Corizon's deliberate indifference.
14. It would be patently unjust to require Plaintiff to respond to Defendants' motion for summary judgment without the necessary evidence.
15. Further the affiant sayeth naught.

***I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.***

Dated this 17th day of April 2018.

*/s/ Brian E. Hefner*
Brian E. Hefner, OSB No. 163969
*Pro hac vice*
Attorney for Plaintiff
brian@earlandearl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April 2018 I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Dylan A. Eaton<br>J. Kevin West<br>Parsons, Behle & Latimer<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702 | ______ U.S. Mail<br>______ Overnight Mail<br>______ Hand Delivery<br>______ Facsimile (208) 562-4901<br>______ Email<br>__X___ ECF |
| Leslie Hayes<br>Office of the Attorney General<br>954 W. Jefferson Street, 2nd Floor<br>P.O. Box 83720<br>Boise, ID 83720-0010 | ______ U.S. Mail<br>______ Overnight Mail<br>______ Hand Delivery<br>______ Facsimile (208) 562-4901<br>______ Email<br>__X___ ECF |

_____/s/________________________
Brian E. Hefner