UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON, INC., et al,<br><br>Defendant. | Case No. 1:15-cv-00304-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court are briefs by the Plaintiff (Dkt. 76) and the Corizon

Defendants (Dkt. 75) regarding a dispute over the scope of Plaintiff's Rule 30(b)(6)

deposition of Corizon, Inc.[1] Corizon seeks a protective order prohibiting, or at least

limiting the scope of the deposition and the production of certain documents. For the

reasons described below, the Court will deny Corizon's motion.

**BACKGROUND**

Plaintiff Kent Ellis is a prisoner in the custody of the Idaho Department of

Corrections ("IDOC"). IDOC has contracted with Corizon, LLC to provide medical care

to its inmates. *First. Am. Compl.* ¶ 57, Dkt. 54. Plaintiff alleges that he suffered an injury

to his right hip and back in 2006 while incarcerated in Texas. *Id.* ¶ 16. When he returned

---

[1] Corizon notes that Corizon, Inc. changed its name to Corizon, LLC in fall 2013. *Dolan Decl.* at ¶ 4, Dkt. 75-3. The entity shall hereinafter be referred to as "Corizon."

to Idaho, Plaintiff informed Corizon personnel of his injury, and continued to complain of pain in his right hip and back. *Id.* ¶ 17-18. Specifically, Plaintiff alleges that he was seen by Corizon personnel for his hip and back pain in the late summer and fall of 2008, and again in August of 2009. *Id*. ¶ 21-25. He further alleges that he underwent a health screening in September 2010, which touched upon his chronic back pain. *Id*. ¶ 29. Plaintiff alleges that he was treated for his hip and back pain again starting in May 2013, and underwent a diagnostic MRI in September 2014. *Id.* ¶ 38, 43. Plaintiff alleges that two previous requests for an MRI were denied by Corizon or its health care providers in 2014. *Id* ¶ 41-42.

Plaintiff alleges that Corizon has a "culture, policies, procedures, and processes that promote deliberate indifference to offenders' serious medical needs," in violation of the Eighth Amendment. *Id.* ¶ 63. Plaintiff further alleges that Defendants in this case "made medical decisions based upon non-medical factors." *Id*. ¶ 65. In support of this allegation, Plaintiff alleges facts suggesting individuals employed by Corizon were discouraged, or even prohibited, from ordering diagnostic testing for prisoners. *Id* ¶ 6, 8. Plaintiff alleges that this policy was motivated by financial incentives. *Id* ¶ 8.

Plaintiff noticed the deposition of Corizon pursuant to Rule 30(b)(6), Rule 34, and rule 30(b)(2). Corizon objected to the notice on several grounds. After satisfying the meet and confer requirements of L.R. 7.1 and the Amended CMO (Dkt. 62), the Court's clerk held a mediation session with counsel for the Plaintiff and Corizon. The parties resolved

several of Corizon's objections to the notice, but Corizon maintained objections on two

of the topics designated by Plaintiff.[2]

First, Plaintiff designated as a topic of inquiry and requested documents related to

Corizon's policies and procedures for diagnostic testing, referrals to outside providers,

receiving medical records from outside providers, review of medical records, and any

medical record retention policy during the period 2008-2015. Corizon does not object to

this topic as to the time period from 2013-2015, but argues that the time period from

2008-2012 is irrelevant to Plaintiff's claim. Second, Plaintiff designated as a topic of

inquiry financial information related to Corizon's compensation for providing care for

IDOC prisoners, and requested the production of Corizon's contracts with IDOC.

Corizon objects to this topic and request for documents in its entirety.[3]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b), as amended effective December 1, 2015,

provides that:

---

[2] Corizon raises objections to additional topics in its briefing. *See supra* at 14.

[3] The Court notes that Plaintiff's brief also addresses his request to depose Corizon on its "understanding" of the "limits of Idaho law for nurse practitioners and physician's assistants," and certain IDOC policies and procedures for the period 2008-2015. During mediation with the Court's clerk, Plaintiff's counsel clarified that Plaintiff was seeking information related to Corizon's policies and procedures for complying with Idaho law and the relevant IDOC policies and procedures. The parties then agreed that inquiry and document production related to these topics would be limited to the period 2013-2015. Corizon did not address this topic in their briefing, presumably relying on the agreements reached during the informal mediation session. As such, the Court will not address whether Plaintiff may inquire or request documents on these topics for the period 2008-2012. Should Plaintiff wish to re-open this issue, he may file a notice with the Court no later than three days after this order is entered.

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Relevant information includes "any matter that bears on, or that reasonably could lead to

other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*

*Fun Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While the moving party must make a

threshold showing of relevance, *see, e.g.*, *id.* at 352, the party resisting discovery carries

the "heavy burden" of showing specifically why the discovery request is irrelevant,

unduly burdensome, disproportional to the needs of the case, or otherwise improper. *See*

*Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Pursuant to Rule 30, a party may depose any person, including but not limited to a

party, and that person's attendance may be compelled by subpoena. Fed. R. Civ. P.

30(a)(1). A party seeking to depose a person must give reasonable notice to every other

party, and the notice must include any materials designated for production. *Id.* at

30(b)(2). Where a party seeks to depose a corporation or other entity, it may do so by

notice or subpoena, and "must describe with reasonable particularity the matters for

examination." *Id.* at 30(b)(6). The named entity must then designate a representative or

representatives, and the person or persons designated "must testify about information known or reasonably known to the organization." *Id.*

"The testimony of a Rule 30(b)(6) designee 'represents the knowledge of the corporation, not of the individual deponents.'" *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)). A 30(b)(6) designee testifies "on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity." *Alliance v. District of Columbia*, 437 F. Supp. 2d 32, 37 (D.D.C. 2006). Thus, a corporation has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight International, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999).

The memory of a corporation extends beyond that of its present employees. *Taylor*, 166 F.R.D. at 361. Thus, "it is not uncommon to have a situation . . . where a corporation indicates that it no longer employs individuals who have memory of a distant event." *Id.* This does not relieve the corporation of its obligation to prepare its designee to the extent reasonably possible. *Id. See also Great American*, 251 F.R.D. at 539 ("The fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee."). Such preparation may include reviewing documents, speaking with past employees, reviewing

prior fact witness deposition testimony, and reviewing deposition exhibits. *Taylor*, 166

F.R.D. at 361.

Although a corporation, through its designee, may plead lack of institutional

memory or knowledge as to a specific topic or topics, it may do so only after it reviews

"all matters known or reasonably available to it" prior to the deposition. *Taylor*, 166

F.R.D. at 362. The corporation may not later argue "a contrary position at trial without

introducing evidence explaining the reasons for the change." *Id*.

Preparing for a Rule 30(b)(6) deposition may be burdensome but "this is merely

the result of the concomitant obligation from the privilege of being able to use the

corporate form in order to conduct business." *Id*. The mere fact that such preparation

creates a burden on the responding entity does not render the request for a 30(b)(6)

deposition disproportionate to the needs of the case. "[T]he burden upon the responding

party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we

are not aware of any less onerous means of assuring that the position of a corporation,

that is involved in litigation, can be fully and fairly explored." *Prokosch v. Catalina*

*Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000).

## ANALYSIS

### 1.      30(b)(6) Deposition

Corizon objects to Plaintiff's Notice on the grounds that a 30(b)(6) deposition is

not proper. Corizon alleges that Plaintiff has failed to state a claim against the Corizon

Defendants, that any care provided by the Corizon Defendants was proper, that Plaintiff

failed to allege any improper care during the period 2008-2012, and that inquiry into

Corizon's policies and procedures from before 2013 is barred by the statute of

limitations. These arguments present legal conclusions on questions that are not properly

before the Court at this time, and upon which no final determination has been made.[4]

"Until such time when [a party] obtain[s] a favorable ruling on a question of law,

they remain obliged to participate in discovery fully and in good faith." *Wausau*

*Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 683, 686 (S.D. Fla.), *aff'd* 310 F.R.D.

689 (S.D. Fla. 2015). Although Corizon asserted in its Answer that Plaintiff failed to state

a claim upon which relief could be granted, it did not file a motion to dismiss the

amended complaint pursuant to Rule 12(b)(6), nor has it filed a motion for judgment on

the pleadings. Instead, Corizon points to its motion for summary judgment, which was

not yet filed at the time this dispute arose and which has not yet been fully briefed or

heard by the Court, as the basis for avoiding discovery. As there has not yet been a final

determination on the legal questions raised by Corizon, the company remains obliged to

participate fully in discovery, including by designating a person or persons to sit for the

noticed Rule 30(b)(6) deposition.[5]

---

[4] The Court previously held that Plaintiff's pro se Complaint sufficiently stated a claim against
Corizon as to preclude dismissal of that claim upon initial review. *See Initial Review Order*, Dkt. 7. There
has been no determination of the sufficiency of Plaintiff's First Amended Complaint.

[5] The Court further notes that Rule 30 explicitly allows for the deposition of non-parties. Corizon
has offered no explanation for why Plaintiff could not compel it to sit for a Rule 30(b)(6) deposition, even
were it not a party to this case.

Nor does the early filing of Corizon's dispositive motion provide reason for the

Court to prematurely cut-off discovery for the Plaintiff.[6] Had Corizon desired to avoid

discovery in this matter, it could have placed these issues before the Court by motion

before engaging in its own discovery. *See Eaton Decl.* at 3-4, Dkt. 75-1 (noting that

Corizon began conducting discovery in July 2017). For these reasons, the Court will

deny Corizon's request for a protective order shielding it from a Rule 30(b)(6) deposition.

## 2. Time Period 2008-2012

Plaintiff seeks information on Corizon's policies and procedures for diagnostic

testing, referrals to outside providers, receiving medical records from outside providers,

review of medical records, and medical record retention policies during the timeframe

2008-2015. *See Def.'s Br. Ex. C*, at 10 ¶ 2; 13-14 ¶ 4-7, Dkt. 75-2 (hereinafter "the

noticed topic"). Corizon argues that any inquiry or production of documents related to

this topic should be limited to those policies and procedures in place during the time

period 2013-2015. Corizon asserts that Plaintiff has not alleged any improper care by

Corizon Defendants during the time period from 2008 to fall 2013, and thus any

information as to Corizon's policies and procedures during that timeframe is irrelevant.

Corizon further argues that allowing inquiry and requiring production of documents

related to Corizon's policies and procedures during the time period 2008-2012 would be

unduly burdensome to Corizon and not proportional to the needs of the case. The Court

---

[6] The discovery cut-off in this action is May 31, 2018.

finds that the noticed topic and requested production of documents from the time period 2008-2012 are both relevant and proportional.

## A. *Relevancy*

At issue in this case is whether Plaintiff was denied proper medical treatment as a result of Corizon's "culture, policies, procedures, and processes" regarding diagnostic procedures for prisoners. *First Am. Compl.* ¶ 63, Dkt. 54. It is undisputed that Plaintiff was under the care of Corizon from September 2008 through the filing of this lawsuit in 2015. Corizon disputes whether Plaintiff has sufficiently alleged any improper care during 2008-2012, but it does not dispute that it was responsible for Plaintiff's medical care during that time. Nor does Corizon dispute Plaintiff's claim that he was seen repeatedly by Corizon providers during the period 2008-2012. Rather, Corizon argues that Plaintiff's care, or lack thereof, during this period is irrelevant to his claim against Corizon because he named only one of the providers he saw during this time as a defendant in this case.[7] The Court disagrees.

Because there is evidence that Plaintiff sought medical care from Corizon providers throughout the period 2008-2012, the Court finds that the noticed policies and procedures for this period are clearly relevant to his complaint. Further, the Court finds that the requested information would be relevant even if Plaintiff had only alleged, or

---

[7] The Court notes that Plaintiff's Amended Complaint indicates that there is some record of his medical evaluations during this time, but that the names of the providers in those records are illegible. *See First Am. Compl.* at ¶ 22-24.

could recover for any improper care that occurred the period 2013-2015. Evidence of Corizon's past practices and procedures are relevant to a claim based on later conduct, to the extent that they could demonstrate a pattern of activity that supports Plaintiff's claim.

### B. *Proportionality*

Corizon argues that requiring it to prepare a designee and produce documents for the noticed topic for the period 2008-1012 is unduly burdensome and disproportionate to the needs of the case. First, Corizon objects to having to prepare a designee to testify on the noticed topics because it has no current employee with firsthand knowledge of the company's policies and procedures during the period 2008-2012. Second, Corizon argues that it implemented new policies and procedures in the fall of 2012, and any documents or institutional memory related to previous policies and procedures, to the extent they exist, would be burdensome to track down.

The fact that Corizon no longer has a person with knowledge of the relevant policies and procedures from the period 2008-2012 "does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee," and nor does it render preparing such a designee unduly burdensome. *Great American*, 251 F.R.D. at 539. Rule 30(b)(6) does not require Corizon to produce a designee with firsthand knowledge of its policies and procedures during the relevant time period. *Id.* at 538 ("The testimony of a Rule 30(b)(6) designee represents the knowledge of the corporation, not of the individual deponents.") (internal citations omitted). Rather, Corizon has an obligation to designate a person or

persons to testify as to knowledge known or reasonably known to Corizon itself, and to prepare any designee with that knowledge to the extent reasonably possible.

The need to adequately prepare a Rule 30(b)(6) designee does not, on its own, create undue burden for Corizon. *See Prokosch*, 193 F.R.D. at 639 ("[T]he burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation, that is involved in litigation, can be fully and fairly explored."). Nor is the requested discovery disproportionate to the needs of the case simply because preparing the designee may involve identifying and reviewing past policies and procedures, or contacting previous employees. Indeed, such efforts are typical in preparing for a Rule 30(b)(6) deposition. *See Taylor*, 166 F.R.D. at 361 (finding that preparation for a 30(b)(6) deposition may include reviewing documents, speaking with past employees, reviewing prior fact witness deposition testimony, and reviewing deposition exhibits).

The Court notes that Corizon has provided very little information about what measures it has taken to obtain the relevant documents or information related to its policies and procedures from 2008-2012. *See Dolan Decl.* ¶ 9-10, Dkt. 75-3. Corizon simply states that the Medical Director at ISCI has, to date, been unable to locate hard copies of prior policy manuals on site at the prison. *Id.* at ¶ 11. Corizon has provided no evidence as to what type of search was conducted, or what steps the Medical Director took to locate the manuals. *Id.* Corizon admits, however, that it has not taken the

relatively obvious steps of searching electronic databases or contacting corporate offices. *Id*. Instead, Corizon asserts in conclusory fashion that such efforts would be burdensome. *Id.* Corizon further suggests that "corporate changes," such as changing its corporate name, preclude it from being able to track down the relevant information. *Def.'s Br.* at 4-5, Dkt. 75.

To the extent Corizon argues that it cannot adequately prepare for the deposition due to inadequacies in its own records tracking and retention systems, that is not a reasonable justification for avoiding a 30(b)(6) deposition. Neither inefficient or insufficient recordkeeping provides a reasonable justification to preclude Corizon from being deposed. *See Briddell v. Saint Gobain Abrasives, Inc.*, 233 F.R.D. 57. 61 (D. Mass. 2005) ("Courts have been loathe to reward (and possibly encourage) poor record keeping by shielding companies with inefficient recording methods from discovery."). A corporation should reasonably know its own policies and procedures, and its own failure to properly document then does not free a corporation from its responsibilities under Rule 30(b)(6).

While Corizon may plead lack of institutional memory or knowledge as to a specific topic or topics, but it may do so only after it reviews "all matters known or reasonably available to it." *Taylor*, 166 F.R.D. at 362. These steps are necessary "in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a through and vigorous one before the trial." *Id*. If, after a reasonable search, Corizon determines that the

necessary records do not exist, then it may so state in its deposition. It must be prepared, however, to testify as to its search methods and other reasonable efforts made to prepare for the deposition.

### C.      Conclusion

The Court finds that the production of documents and inquiry into the noticed topic is relevant for the period 2008-2012, during which Plaintiff was under Corizon's care. The Court further finds that the burden on Corizon to respond to the noticed topic for this period does not extend beyond that typically imposed in producing documents and preparing for a Rule 30(b)(6) deposition. Thus, the Court finds that time period identified for the noticed topic is relevant, and not so overbroad or burdensome as to render Plaintiff's request disproportionate to the needs of this case. The Court will deny Corizon's request for a protective order restricting the time period for this topic.

### 3.      Financial Information

Plaintiff seeks discovery related to Corizon's financial structure, and specifically related to how Corizon is compensated for providing medical care to prisoners in the IDOC system. Plaintiff also seeks copies of the IDOC and Corizon contracts from 2008 to 2015. The Court finds that Plaintiff's request is relevant, and proportional to the needs of the case.

### A.      *Relevancy*

Corizon objects to Plaintiff's notice on this topic primarily on the grounds that Plaintiff has failed to state a claim against Corizon. As discussed above, this is a legal

conclusion for which Corizon has not yet obtained final determination, and thus does not relieve Corizon from its obligation to participate fully in discovery. Read in the light most favorable to the Plaintiff, his Complaint alleges that Corizon has a policy of prohibiting or discouraging medically necessary diagnostic treatment for financial gain. The structure of how Corizon is compensated for providing medical care to prisoners is relevant to whether financial incentives exist for adopting such a policy, and thus is relevant to Plaintiff's claim.

## B.     *Proportionality*

Corizon does not argue that complying with Plaintiff's requests regarding its financial information would be unduly burdensome, nor does the Court find this to be the case. The Court finds that inquiry into how Corizon is paid for dispensing medical care to prisoners in IDOC facilities, and the production of contracts between Corizon and IDOC are proportional to the needs of this case.

## C.     *Conclusion*

For the reasons described above, the Court finds that the proposed discovery related to Corizon's financial structure and contracts with IDOC is both relevant and proportional. As such, the Court will deny Corizon's request for a protective order precluding inquiry into this topic and the production of the contracts. The parties are instructed to meet and confer, however, and to submit a proposed protective order limiting the disclosure of Corizon's confidential or proprietary financial information to outside parties.

### 4. Additional Records

#### A. *Job Descriptions*

Corizon also seeks an order protecting from discovery any job descriptions for physicians, nurse practitioners, and physician's assistants during the time period 2008-2013, on the grounds that Plaintiff has named only a single Corizon provider who provided care during that time period. As discussed above, Plaintiff has alleged that he was treated by Corizon providers throughout the period 2008-2013, and his failure to name every provider he saw as a defendant in this case does not preclude him from pursuing discovery from Corizon for this time period. Nor does the fact that complying with this request will cost Corizon some unspecified amount of additional time and money render the discovery "unreasonable." Thus, the Court will deny Corizon's request for a protective order restricting discovery of job descriptions for Corizon providers during the time period 2008-2013.

#### B. *Document Retention Policies*

Corizon further argues that discovery into its document retention policies is irrelevant. The Court notes that Corizon has argued that it cannot respond to Plaintiff's request for documents or properly prepare a designee on the grounds that it cannot locate or no longer maintains records of its prior policies and procedures related to diagnostic testing, referrals to outside providers, receiving medical records from outside providers, review of medical records, and medical record retention. To the extent Corizon intends to maintain this position in the deposition, the Court finds that it is both appropriate and

relevant for Plaintiff to inquire as to Corizon's general document retention policies, as well as any processes or procedures it utilized to search for and produce such documents.

To the extent Corizon objects specifically to discovery related to the retention of medical records, the Court finds that this information is at least somewhat relevant to Plaintiff's case, even assuming Plaintiff failed to clearly allege that there are records missing. For example, evidence showing that Corizon has an unusually aggressive policy regarding the destruction of medical records, or that it did not follow typical procedures as relates to Plaintiff, could support an inference of improper motive such as that alleged by Plaintiff. While the probative value of such evidence is relatively low, the Court finds that the burden to produce it is similarly low. Corizon does not argue otherwise. Thus, the Court finds that Corizon's policies related to medical record retention are relevant and proportional, and Corizon's designee should be reasonably prepared to discuss such policies, and to produce relevant documents.

## C. *Affirmative Defenses*

Finally, Corizon argues that is should not be required to produce documents or respond to inquiry into facts in its possession related to its Affirmative Defenses. Corizon suggests that such information could be more readily obtained through written discovery. This is not sufficient reason to preclude Corizon from being deposed on such topics. "The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice or subpoena request 'to elect to supply the answers in a written

response. . . .'" *Great American*, 251 F.R.D. at 539. Thus, the Court will deny Corizon's request for a protective order related to information supporting its affirmative defenses.

## CONCLUSION

The Court finds Plaintiff's notice and request for production of documents on the topics addressed herein to be both relevant and proportional to the needs of the case. Accordingly,

## ORDER

**IT IS ORDERED:**

1.  Defendant's Motion to for Protective Order (Dkt. 75) is **DENIED**.

2.  Plaintiff is instructed to file a notice to the Court within three days of this Order being entered if he intends to pursue discovery related to Corizon's policies and procedures for complying with Idaho law and the relevant IDOC policies and procedures for the period 2008-2012.

3.  The parties are instructed to meet and confer and to submit a proposed protective order regarding the disclosure of Corizon's confidential or proprietary financial information.

DATED: April 18, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge