UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON, INC., et al,<br><br>Defendant. | Case No. 1:15-cv-00304-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court are briefs by the Plaintiff (Dkt. 86) and the Corizon Defendants (Dkt. 85) regarding a dispute over Plaintiff's Rule 30(b)(6) deposition of Corizon, Inc.[1] Corizon objects to the scope of Topic 1 of the Sixth Amended Notice of Deposition. For the reasons described below, the Court will overrule Corizon's objection.

## BACKGROUND

The facts of this case are laid out in the Court's previous Memorandum Decision and Order related to Plaintiff's Notice of 30(b)(6) deposition and are incorporated here by reference. *See April 18, 2018 Mem. Dec. and Order*, Dkt. 80. At issue here is the Corizon Defendants' objection to the scope of the first topic of inquiry for the 30(b)(6) deposition, as laid out in Plaintiff's Sixth Amended Notice:

---

[1] Corizon notes that Corizon, Inc. changed its name to Corizon, LLC in fall 2013. *Dolan Decl.* at ¶ 4, Dkt. 75-3. The entity shall hereinafter be referred to as "Corizon."

1. Defendant Corizon, Inc.'s understanding of the limits of Idaho law and administrative rules concerning nurse practitioners and physician's assistants and each practitioner's responsibility, limitations of practice, and authorizations from September 30, 2008 to December 31, 2015 and Corizon's policies and procedures for complying with Idaho law;

Because the Court finds that Topic 1 is relevant and reasonably specific, the Court will overrule Corizon's objection.

## LEGAL STANDARD

A party seeking to depose a person must give reasonable notice to every other party, and the notice must include any materials designated for production. *Id.* at 30(b)(2). Where a party seeks to depose a corporation or other entity, it may do so by notice or subpoena, and "must describe with reasonable particularity the matters for examination." *Id.* at 30(b)(6). The named entity must then designate a representative or representatives, and the person or persons designated "must testify about information known or reasonably known to the organization." *Id.*

## ANALYSIS

During informal mediation, the parties agreed to allow inquiry into the topic at issue for the period 2013-2015. Plaintiff now seeks to expand this topic to include discovery for the time period 2008-2012, and as such has filed an amended Notice with the Corizon Defendants. The Corizon Defendants reincorporate their previous objections to the relevancy of the time period 2008-2012, and restate their argument that the discovery should be precluded based on the strength of their Motion for Summary Judgment (Dkt. 77), which has not yet been fully briefed. The Court has already

addressed these arguments in depth in its previous decision related to this dispute, and sees no reason to revisit its findings here. Thus, the Court will limit its review to the substantive scope of the above-referenced topic.

During mediation with the Court's clerk, Corizon objected to the notice seeking Corizon's "understanding of the limits of Idaho law and administrative rules" on the grounds that it sought legal conclusions. As a compromise, the parties agreed to limit the scope of the topic to Corizon's "policies and procedures" for complying with Idaho law rather than its "understanding of the limits of Idaho law." Corizon now objects to that language as vague, overbroad, and seeking legal conclusions. Corizon also asserts that the topic incorporates issues unrelated to this case, such as practices and procedures for medical treatments not at issue here. Finally, Corizon objects to the word "authorizations" as vague and unclear.

To the extent Plaintiff seeks to depose Corizon regarding the responsibility, limitations of practice, and authorizations of Nurse Practitioners and Physician's Assistants, Court finds that the noticed topic is relevant, and describes the matters for examination "with reasonable particularity." The topic is sufficiently specific to put Corizon on notice that Plaintiff seeks to inquire into the responsibilities and decision-making authority (or lack thereof) held by Corizon's NPs and PAs. As Plaintiff alleges that the Corizon providers he saw were prevented from providing Plaintiff with adequate medical care due to Corizon policies, this information is relevant to his complaint. Nor will the Court limit this topic to inquiries related to orthopedic and chronic pain

**MEMORANDUM DECISION AND ORDER - 3**

conditions, as evidence of providers' responsibilities and authority on other matters would be relevant to whether Corizon has a policy or practice of prohibiting or discouraging medically necessary diagnostic treatment for financial gain.

The Court further finds that Corizon's "understanding of" and its policies and procedures for complying with Idaho law and administrative rules for NPs and PAs constitute a relevant and proper area of inquiry. A corporation that provides health care services and employs health care providers should reasonably understand the legal framework under which they operate, in the same way that a driver would reasonably understand traffic laws and regulations. Thus, a properly prepared designee should be able to testify as to Corizon's "understanding" of relevant Idaho law in the same way that a driver should be able to testify as to his understanding of the speed limit, so long as the information sought does not require the designee to reveal privileged communications, or to offer legal conclusions. The Court acknowledges, however, that there may be only a fine line between proper and improper inquiries under this topic, and thus the undersigned is willing to make himself available during the deposition to rule on any objections raised in real time, should the parties so desire.

## CONCLUSION

The Court finds that Topic 1 of the Sixth Amended Notice for 30(b)(6) deposition is both relevant and reasonably particular, such that Corizon must prepare a designee to testify as to the information sought therein. Accordingly,

conditions, as evidence of providers' responsibilities and authority on other matters would be relevant to whether Corizon has a policy or practice of prohibiting or discouraging medically necessary diagnostic treatment for financial gain.

The Court further finds that Corizon's "understanding of" and its policies and procedures for complying with Idaho law and administrative rules for NPs and PAs constitute a relevant and proper area of inquiry. A corporation that provides health care services and employs health care providers should reasonably understand the legal framework under which they operate, in the same way that a driver would reasonably understand traffic laws and regulations. Thus, a properly prepared designee should be able to testify as to Corizon's "understanding" of relevant Idaho law in the same way that a driver should be able to testify as to his understanding of the speed limit, so long as the information sought does not require the designee to reveal privileged communications, or to offer legal conclusions. The Court acknowledges, however, that there may be only a fine line between proper and improper inquiries under this topic, and thus the undersigned is willing to make himself available during the deposition to rule on any objections raised in real time, should the parties so desire.

## CONCLUSION

The Court finds that Topic 1 of the Sixth Amended Notice for 30(b)(6) deposition is both relevant and reasonably particular, such that Corizon must prepare a designee to testify as to the information sought therein. Accordingly,

# ORDER

**IT IS ORDERED:**

1. The Corizon Defendants' objections to the scope of Topic 1 of the Sixth Amended Notice of 30(b)(6) deposition are **OVERRULED**.

2. The parties are directed to contact the Court's Clerk, Ms. Danahy, within three (3) days if they intend to ask that the undersigned be available during the deposition.

DATED: May 23, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge