J. Kevin West, ISB #3337
Email: KWest@parsonsbehle.com
Dylan A. Eaton, ISB #7686
Email: DEaton@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:    (208) 562-4900
Facsimile:    (208) 562-4901

Counsel for Defendants Corizon, LLC, Murray Young, M.D., Christian Gelok, NP and Michael
Takagi, NP

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS,<br><br>        Plaintiff,<br><br>v.<br><br>CORIZON, INC.; DR. YOUNG; ET AL.,<br><br>        Defendants. | CIVIL ACTION FILE<br><br>NO. 1:15-cv-00304-BLW<br><br>**MEMORANDUM IN SUPPORT OF CORIZON, LLC, MURRAY YOUNG, M.D., CHRISTIAN GELOK, NP AND MICHAEL TAKAGI, NP'S MOTION TO STRIKE PLAINTIFF'S EXPERTS** |

Defendants Corizon, LLC, Dr. Young, NP Gelok, PA Takagi, and NP Schaffer ("Corizon

Defendants"), by and through their counsel of record, Parsons Behle & Latimer, hereby submit the

following Memorandum in Support of their Motion to Strike Plaintiff's Experts ("Motion to

Strike").

### I.    FACTS

1.    On August 6, 2015, Plaintiff filed his Complaint in this case *pro se*.  (Dkt. 16.)

2.      On December 8, 2015, the Court issued an Initial Review Order, which did not include any expert disclosure deadline. (Dkt. 7.)

3.      On April 20, 2016, the law firm of Earl & Earl filed a Notice of Appearance indicating they now represented Plaintiff.  (Dkt. 20)

4.      On November 30, 2016, the Court issued a scheduling order that, among other things, mandated the following expert disclosure deadlines:

    a.  Plaintiff's expert disclosures by July 17, 2017;

    b.  Defendants' expert disclosures by August 31, 2017;

    c.  Plaintiff's expert disclosures by September 29, 2017.

Moreover, the Court was very clear about the <u>Rules Governing Disclosure of Expert Witnesses</u>:

> Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed.R.Civ.P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed.R.Civ.P. 26(e)(1).  Pursuant to Local rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

(Dkt. 31, p. 3-4, ¶¶ 6 and 7.)

5.      Plaintiff did not disclose to Corizon Defendants any expert opinions and reports by the court mandated expert disclosure deadline for Plaintiff by July 17, 2017.  (Declaration of Dylan A. Eaton in Support of Corizon Defendant's Motion to Strike, ¶ 7.)  In fact, no experts in Plaintiff's case-in-chief against Corizon Defendants have ever been disclosed to date.  (Id.)

6.      As of the date of filing this brief, Plaintiff and his counsel have never asked for an extension or any kind of relief allowing Plaintiff to serve late initial expert disclosures for their case-in-chief.  (See docket, generally.)

7.     On September 12, 2017, Plaintiff indicated in response to Corizon Defendants' first set of written discovery that they intended to call Dr. Schwartsman, Dr. Kristensen, and Tim Gravette. However, they did not disclose any expert opinions or the basis therefore, pursuant to Rule 26(a)(2)(B). (Eaton Dec., Exhibit F.)

8.     On September 29, 2017, Corizon Defendants timely disclosed their expert disclosures that were compliant with Ruel 26(a)(2)(B).  Corizon Defendants submitted complete expert reports from a correctional physician expert, Robert Jones, M.D.; a correctional nurse practitioner expert, Patricia Workman, and from an orthopedic doctor, Charles Schneider, M.D. Since Plaintiff did not disclose any experts, Corizon Defendants disclosed experts based on the allegations in Plaintiff's Complaint.  (Eaton Dec., Exhibit A.)

9.     On September 29, 2017, Plaintiff served "Plaintiff's Rebuttal Experts' Reports," which included expert reports from an orthopedic surgeon, Ronald Kristensen, M.D., and a nurse practitioner, Margaret Aubin, N.P.  (Eaton Dec., Exhibit B.)

10.     On October 19, 2017, the Court conducted a scheduling conference after the Complaint was amended.  The parties had submitted a Joint Litigation Plan agreeing to amend certain litigation and discovery deadlines and, in particular, agreed that Plaintiff would only be allowed to file additional expert disclosures as to its claims against IDOC defendants, who were recently added at that time.  (Dkt. 53.)

11.     The Court then issued an Amended Case Management Order, that only allowed Plaintiffs to disclose experts and expert opinions as to its "claims against IDOC Defendants." (Dkt. 62, p. 2, ¶ 5.)

12.     On December 22, 2017, counsel for Corizon Defendants deposed Plaintiff's rebuttal expert, Dr. Kristensen.  Defense counsel made clear that he was deposing Dr. Kristensen

as a rebuttal expert and the Defendants' objected to Dr. Kristensen as an expert, especially as an expert in Plaintiff's case-in-chief.  (Eaton Dec., Exhibit C, p. 7.)  Dr. Kristensen claims Plaintiff had a labral tear in 2006, but he has no objective medical evidence to support that conclusion.  (Id. at pp. 109-111.)  Further, he believes that x-rays are not the appropriate study to evaluate a soft-tissue injury like a labral tear.  (Id. at p. 111:18-19.)

13.    On February 6, 2018, counsel for Corizon Defendants deposed Plaintiff's rebuttal expert, Margaret Aubin, N.P.  Defense counsel again made clear that he was deposing Dr. Aubin as a rebuttal expert and the Defendants objected to Dr. Aubin as an expert, especially as an expert in Plaintiff's case-in-chief.  (Eaton Dec., Exhibit D, p. 6.)  She was retained the same day as this rebuttal expert disclosure deadline; apparently reviewed the materials and wrote her report in one day.  She was offering no opinions prior to fall 2013.  (Id. at p. 90.)

14.    On February 28, 2018, Plaintiff disclosed experts as to claims against IDOC.  The only witness disclosed at that time was a correctional expert, Tim Gravette, who was an Associate Warden, and who had no medical training, education or experience.  Further, that correctional expert admitted that he was provided with a timeline of the medical care from Plaintiff's counsel and he had not looked at any medical records.  (Eaton Dec., Exhibit E.)

## II.    APPLICABLE LAW

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir.2009) (citation omitted); see also Goodman v. Las Vegas Metro. Police Dep't, No. 2:11-cv-1447-MMD-CWH, ___ F.Supp.2d ___, ____, 2013 WL 4006159, at *4 (D.Nev. Aug. 2, 2013) (setting forth the standards applicable to motions in limine).

## III.    ARGUMENT

A.    **Plaintiffs experts should be Stricken because Plaintiff Failed to Timely Disclose Witnesses Under Fed.R.Civ.P. 26(a)(2)(D).**

The Ninth Circuit clearly allows for experts to be stricken when a party does not disclose experts by the deadline:

> Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Absent other direction from the court, a rebuttal report shall be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.

Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "Rule 37(c)(1) is recognized as a broadening of the sanctioning power." Hilborn v. Metro. Grp. Prop. & Cas. Ins. Co., No. 2:12-CV-00636-BLW, 2014 WL 2506303, at *3 (D. Idaho June 3, 2014). Indeed, "[t]he sanction is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless." Columbia Grain, Inc. v. Hinrichs Trading, LLC, No. 3:14-CV-115-BLW, 2015 WL 6675538, at *3 (D. Idaho Oct. 30, 2015).

In this case, Plaintiff did not disclose experts for their case-in-chief against Corizon Defendants by their initial expert discovery deadline.  Moreover, Plaintiff's have never disclosed any experts for their case-in-chief against Corizon Defendants.   Further, Plaintiff has never requested leave from the Court to disclose experts and expert opinions for their case-in-chief against Corizon Defendants.  This is a blatant violation by Plaintiff of Rule 26(a)(2)(B) and the Court's Case Management Order[1] and, therefore, Plaintiff's experts should be stricken.  Indeed, it is not uncommon for experts to be stricken when they are not timely disclosed.  Wong v. Regents

---

[1] See Rule 16(f)(1)(C) allowing a Court to issue sanctions, including striking experts, if a party fails to obey a scheduling order.  Dreith v. Nu Image, Inc., 648 F.3d 779, 787 (9th Cir. 2011) (citing Rule 16 for the proposition that "[v]iolations of a scheduling order may result in sanctions, including dismissal under Rule 37(b)(2)(C).").

of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005); Yeti by Molly, Ltd. v. Deckers

Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); Vinzant v. United States, 584 F. App'x 601,

602 (9th Cir. 2014).

Additionally, all of Plaintiff's experts (Dr. Kristensen, N.P. Margaret Aubin, and Tim

Gravett) and their opinions about Corizon Defendants should be stricken because Plaintiff

improperly is trying to back door untimely expert disclosures through rebuttal expert disclosures

or expert disclosures against a co-defendant.  See Hilborn v. Metro. Grp. Prop. & Cas. Ins. Co.,

No. 2:12-CV-00636-BLW, 2014 WL 4073224, at *2 (D. Idaho Aug. 15, 2014) (explaining that a

rebuttal expert disclosure is not a back door to rectifying an untimely disclosure and that a late

disclosure is not harmless).

The case of Columbia Grain, Inc. v. Hinrichs Trading, LLC, supra, is instructive to the case

at bar.  In Columbia Grain, the plaintiff produced an initial expert disclosure in which the expert

concluded that the cause of the fire in question was an overheated bearing. Columbia Grain, Inc.

2015 WL 6675538 at 1. The defendant subsequently deposed the plaintiff's expert in preparation

for making a responsive expert disclosure. (Id.). At the deposition, the expert conceded that he had

no scientific evidence or studies to support his theory of causation. (Id.). After the deposition, the

expert conducted testing to support his theory. (Id.). The results of the testing were disclosed in

the rebuttal expert disclosure. (Id.).

In Columbia Grain, the defendant filed a motion in limine to exclude any evidence of the

testing described in the rebuttal report. (Id. at 2.). The plaintiff argued that even if the disclosure

was untimely, it was harmless. (Id.). The plaintiff noted that, once the defendants received the

rebuttal report, they had their own experts evaluate the report and the defendant filed a

supplemental expert report in response. (Id.). This court explicitly rejected the plaintiff's

contention, reasoning that "if adopted, this argument would prevent any diligent party from enforcing court-imposed deadlines. Forecasting court decisions is notoriously difficult, and a diligent party will typically take steps to protect itself in case the court does not exclude the testimony. If that diligence waives a claim of prejudice, deadlines will fade into obscurity." (Id. at 3.).

This Court's reasoning in <u>Columbia Grain</u> applies with equal force to the facts of this case. As in <u>Columbia Grain</u>, Ellis cannot argue that the failure to timely disclose his expert witness was harmless because the experts and their decisions were disclosed in a rebuttal expert disclosure. Such an argument would eviscerate the expert disclosure rule by allowing Plaintiff to "sandbag" until the rebuttal disclosure deadline. Moreover, Plaintiff's failure to disclose any initial experts and opinions in this case improperly has the effect of reversing the burden of proof and, quite simply, makes a mess of this case justifying striking Plaintiff's experts. Plaintiff has the burden of proof of proving his case. Therefore, it makes sense, as the court set it up, that Plaintiff must disclose his experts first. Defendants should be entitled to understand Plaintiff's case and position and then respond and defend accordingly. In this case, however, Plaintiff ignored the federal rules and court scheduling order by failing to disclose initial experts by the deadline avoiding their obligation to prove their case. Plaintiff and his counsel then apparently laid in the weeds and waited for Defendants to disclose their experts' opinions. After Defendants disclosed their experts' opinions, the entire case and litigation has primarily been about responding to Defendants' expert opinions, rather than responding to Plaintiff's expert opinions as the Court appears to have intended. Moreover, Corizon Defendants were not provided a deadline and opportunity to respond to Plaintiff's rebuttal expert disclosures and such was not contemplated (nor did it need to be) under the Court's scheduling rule. Accordingly, all of Plaintiff's experts should be stricken

because allowing Plaintiff's to bring their expert opinions after the court required deadline and after Defendants disclosed their expert opinions would have the effect of allowing expert disclosure deadlines to "fade into obscurity" and would be unduly prejudicial to Defendants because, in part, they have not had an opportunity to respond to Plaintiff's expert opinions.

Similarly, as in <u>Columbia Grain</u>, defendants should not be punished for deposing an untimely disclosed expert witness out of an abundance of caution, especially when Defense counsel put his objections to the expert on the record at the deposition and made clear they were deposing Plaintiff's experts as rebuttal experts only.

In conclusion, all of Plaintiff's experts should be stricken and precluded from offering expert opinions against Corizon Defendants because Plaintiff failed to disclose any initial expert opinions by the court ordered deadline and because it is improper for Plaintiff to try to avoid this serious error by trying to backdoor his expert opinions in this case by disguising them as rebuttal expert disclosures.

### IV.   <u>CONCLUSION</u>

In summary, based on the above law, facts and argument, Corizon Defendants respectfully request the Court issue an order striking all of Plaintiff's experts (Ronald Kristensen, Margaret Aubin, and Tim Gravette) and preclude these experts from offering any opinions in support of Plaintiff's dispositive motion filings and at trial.

DATED this 30th day of August, 2018.

PARSONS BEHLE & LATIMER

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton
    Counsel for Defendants Corizon, LLC, Murray
    Young, M.D., Christian Gelok, NP and Michael
    Takagi, NP

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 30th day of August, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian E. Hefner
Ryan T. Earl
Earl & Earl, PLLC
enepllc@gmail.com
*(Counsel for Ken Richard Ellis)*

Leslie M. Hayes
Office of the Attorney General
leslie.hayes@ag.idaho.gov
*(Counsel for Rona Siegert)*

By: */s/ Dylan A. Eaton*
Dylan A. Eaton