UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON, INC.; DR. YOUNG; NP SEIGERT; PA TAKAGI; NP GELOK; NP SHAFFER,<br><br>Defendants. | Case No. 1:15-cv-00304-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is a motion by Defendants Corizon, Inc., Dr. Young, N.P. Gelok, P.A. Takagi, and N.P. Shaffer (collectively, the "Corizon Defendants") to strike Plaintiff Kent Richard Ellis' ("Ellis") expert reports. Dkt. 108. Ellis has filed expert reports written by the following individuals: Dr. Ronald Kristensen, nurse practitioner Margaret Aubin, and Tim Gravette. Ellis opposes the Corizon Defendants' motion to strike (Dkt. 112) and has filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c). Dkt. 115. For the following reasons, the Court GRANTS the Corizon Defendants' motion to strike (Dkt. 108) with respect to N.P. Aubin's report. The Court DENIES the Corizon Defendants' motion to strike (Dkt. 108) with respect to Dr. Kristensen's report and Mr. Gravette's report. Because the Court grants the Corizon Defendants' motion in

part, it will DENY Ellis' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) (Dkt. 115).

## BACKGROUND

1. **Expert Disclosure Sequencing**

The sequencing of expert disclosure in this case has been atypical. Early on in this matter, the Court issued a Case Management Order containing the following expert disclosure deadlines: Plaintiff's disclosure of experts by July 17, 2017; Defendants' disclosure of experts by August 31, 2017; and Plaintiff's disclosure of rebuttal experts by September 29, 2017. Dkt. 31 at 3. As the Court indicated in its order, the Parties were required, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), to provide a report for each disclosed expert. Dkt. 31 at 4.

Ellis did not disclose any experts on July 17, 2017. *See* Dkt. 112 at 2. The Corizon Defendants' disclosed expert reports from Dr. Charles Schneider, Dr. Robert Jones, and nurse practitioner Patricia Workman on August 31, 2017.[1] On September 29, 2017[2], Ellis disclosed and provided reports from Dr. Kristensen and N.P. Aubin. Ellis characterizes Dr. Kristensen and N.P. Aubin as rebuttal experts.

---

[1] The Corizon Defendants' brief states that they timely disclosed their expert reports on September 29, 2017. Dkt. 108-1 at ¶ 8. This appears to be a typographical error. Exhibit A to the Corizon Defendant's motion to strike shows that they timely disclosed their experts on August 31, 2017. Dkt. 108-3 at 5.

[2] The Parties do not agree on the date Dr. Kristensen's report and N.P. Aubin's report were served, but, in any event, they appear to agree that both reports were served either on or prior to the September 29, 2017 deadline. *Compare* Dkt. 108-1 at ¶ 8 (stating that Ellis served expert reports for Dr. Kristensen and N.P. Aubin on September 29, 2017) *with* Dkt. 112 at 2 (stating that Ellis served expert reports for Dr. Kristensen and N.P. Aubin on September 27, 2017).

During this same period, Ellis filed an amended complaint on September 21, 2017. Dkt. 54. On October 19, 2017, the Court conducted a scheduling conference to revise the Case Management Order in light of Ellis' amended complaint. Dkt. 62. The Parties filed a joint litigation plan in which Ellis agreed that he would only supplement his expert disclosure to include experts retained in support of the newly added claims against the nurse practitioner Rona Siegert[3] ("Siegert"). Dkt. 53. The Court issued an Amended Case Management Order incorporating this agreement. Dkt. 62. Mr. Gravette's report was subsequently disclosed on February 28, 2018 – the date of initial disclosure for expert witnesses in Ellis' case against N.P. Siegert.

### 2. Corizon Defendants' Motion To Strike And Ellis' Opposition

The Corizon Defendant's Motion to Strike seeks to preclude Dr. Kristensen, N.P. Aubin, and Mr. Gravette from offering expert testimony. Corizon Defendants argue Ellis is "improperly [] trying to back door untimely expert disclosures through rebuttal expert disclosures or expert disclosures against a co-defendant."[4] Dkt. 108-1 at 6.

In response, Ellis argues that the Corizon Defendants' own actions led to the late disclosure. In particular, Ellis alleges that because the Corizon Defendants failed to

---

[3] The Court notes that the docket spells Defendant Siegert's name as "Seigert." Based on Siegert's filings however, it appears that her name is spelled "Siegert." The Court will use the correct spelling.

[4] The Corizon Defendants also make a series of arguments related to the reliability of Ellis' experts' opinions. Because those issues sound in Federal Rule of Evidence 702 and will almost certainly be raised via *Daubert* motions, the Court will not address them now. Additionally, the Court will not entertain the Corizon Defendants' argument that the expert reports should be stricken because they are unsworn testimony. This argument was made for the first time during post-hearing briefing and is outside of the scope of the question that the Court asked the Parties to brief.

obtain (let alone disclose) x-rays taken in 2006, 2008, and 2013, Dr. Kristensen was unable to offer an opinion with medical certainty related to the care that Ellis received. Dkt. 112-2 at ¶ 6. As a result, Dr. Kristensen would only consent to serving as a rebuttal expert. With respect to N.P. Aubin's and Mr. Gravette's reports, Ellis flatly asserts, without any alternative arguments, that the reports were timely disclosed. Dkt. 112 at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose their expert witnesses. The timing of disclosure of both case-in-chief and rebuttal experts is committed to the court. Fed. R. Civ. P. 26(a)(2)(D). To prevent plaintiffs from sandbagging defendants by withholding materials until the rebuttal report disclosure deadline (as it does in this case, this deadline normally falls after defendant's case-in-chief expert disclosure deadline), Rule 26(a)(2)(D)(ii) provides that rebuttal evidence must be intended "solely to contradict or rebut evidence on the same subject matter identified by another party." This Court has previously stated that "[r]ebuttal expert testimony is limited to 'new unforeseen facts brought out in the other side's case … [and] cannot be used to advance new arguments or new evidence." *Columbia Grain, Inc. v. Hinrichs Trading, LLC*, 3:14-CV-115-BLW, 2015 WL 6675538, at *2 (D. Idaho Oct. 30, 2015) (quoting *Century Indem. Co. v. Marine Group, LLC*, 3:08–cv–1375–AC, 2015 WL 5521986 at *3 (D. Or. Sept. 26, 2015)).

Pursuant to Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness at trial unless the failure was

substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 827 (9th Cir. 2011) (internal citation omitted). The burden of preventing the sanction, and showing the failure was substantially justified or is harmless is on the party facing the sanction. *Id.*

## ANALYSIS

1. **The Court Will Not Reflexively Strike Ellis' Rebuttal Experts Simply Because He Did Not File Case-In-Chief Expert Reports**

Although the sequencing of expert disclosure in this case has been atypical, the Court will not strike the reports of Dr. Kristensen and N.P. Aubin solely because Ellis did not disclose them as case-in-chief experts. Federal courts, acting in the spirit of Federal Rule of Civil Procedure 1, have repeatedly stated that expert witnesses are not *necessary* in every instance to successfully pursue a claim for deliberate indifference.[5] *See Sanders v. York*, 446 F. App'x 40, 43 (9th Cir. 2011) (concluding that the particular deliberate indifference claim advanced by Plaintiff did not require expert testimony). Though there is some logic to the contrary, this conclusion makes sense. A lay finder of fact without the benefit of expert testimony could arrive at the informed conclusion that, for example, an individual with a complex fracture who was not provided medical care despite alerting authorities to his or her condition likely received deliberately indifferent care. *Cf.*

---

[5] The Court will not evaluate the Corizon Defendant's argument that expert witnesses are required in this particular case. Dkt. 109 at 6.

*Reidhead v. Arizona*, No. CV-12-00089-PHX-JAT, 2014 WL 2861046, at *5 (D. Ariz. June 24, 2014).

It would seem to follow, that disclosure by a party of an expert witness to be used in their case-in-chief is not the key that unlocks that same party's ability to file a rebuttal expert report. *Berthelson v. Northwestern Corp.*, No. CV 11–115–M–DWM, 2012 WL 1999536 at *1 (D. Mont. June 4, 2012) ("Expert rebuttal testimony should not be stricken merely because a party designates only a rebuttal expert to address an issue."); *see also Johnson v. Grays Harbor Cmty. Hosp.*, Case No. C06-5502-BHS, 2007 WL 4510313, at *1 (W.D. Wash. Dec. 18, 2007). That key, to continue the metaphor, is the filing of a case-in-chief expert report by an opposing party. *See* Federal Rule of Civil Procedure 26(a)(2)(C)(ii).

Here, Ellis may have felt that his case was strong enough to survive summary judgment and to prevail at trial without expert testimony. Once the Corizon Defendants filed three expert reports, however, Ellis was free to consider the reports filed by Corizon and then assess whether it was necessary to retain rebuttal experts to respond to the opinions put forth by the Corizon Defendants. This sequence of events complies with the Federal Rules of Civil Procedure.

### 2. The Court Will Strike N.P. Aubin's Report Because It Is Not A True Rebuttal Report[6]

---

[6] Because the Court concludes that the Corizon Defendants are correct that N.P. Aubin's report should be struck, it finds that their motion to strike is "meritorious" rather than "frivolous." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1343 (9th Cir. 1988). Therefore, the Court will deny Ellis' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) (Dkt. 115).

Although the Court will not reflexively exclude Dr. Kristensen's and N.P. Aubin's reports solely because Ellis did not disclose case-in-chief experts, the question remains whether Dr. Kristensen's report and N.P. Aubin's report are true rebuttal reports. "Rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case … [and] cannot be used to advance new arguments or new evidence." *Columbia Grain*, 2015 WL 6675538, at *2 (internal quotation omitted). Expert reports are not properly considered rebuttal reports where they "address[] anticipated evidence and do[] not refute unforeseen theories." *Century Indem. Co.*, 2015 WL 5521986, at *4; *see also Monroe v. Davis*, No. 2:13–cv–00863–GMN–NJK, 2014 WL 3845121, at *6-8 (D. Nev. Aug. 4, 2014).

The Court reaches different conclusion regarding the Kristensen and Aubin reports. Dr. Kristensen's report states that he "reviewed the expert opinions from Dr. Charles Schneider, Dr. Robert Jones and Ms. Patricia Workman regarding Mr. Ellis." Dkt. 105-6 at 2. Later on, Dr. Kristensen specifically evaluates Dr. Schneider's and Dr. Jones' reports and concludes that both contain significant shortcomings. Dkt. 105-6 at 4-5. Though his report contains additional discussion beyond his evaluation of Dr. Schneider's and Dr. Jones' reports, Dr. Kristensen's report does contain some discussion "attack[ing] … theories offered by the adversary's experts," and the Court therefore concludes that it is proper rebuttal evidence. *Monroe*, 2014 WL 3845121, at *7.

By contrast, N.P. Aubin's report does not attack theories contained in the Corizon Defendant's expert reports. The sole mention of the Corizon Defendants' experts in N.P.

Aubin's report comes when she states, "I reviewed the expert report of Robert Jones, MD, Correctional physician expert and Charles P Schneider, MD, Orthopedic expert." Inexplicably, N.P. Aubin did not review the opinion of the Corizon Defendants' expert nurse practitioner, Patricia Workman. The balance of N.P. Aubin's report is then dedicated to supporting her conclusion that, in general, Ellis received deliberately indifferent care from the nurse practitioners who saw him. Because N.P. Aubin fails to comment on, let alone attack, any of the theories contained in the expert reports filed by the Corizon Defendants, it necessarily follows that N.P. Aubin's report is not truly a rebuttal report and should therefore be stricken.[7]

### 3. The Court Will Not Consider Dr. Kristensen's Report During Summary Judgment

Due to the sequence of disclosure in this case, the Court is also confronted with the question of whether it should consider Dr. Kristensen's rebuttal report in evaluating the summary judgment motions that are presently before the Court. As the Court acknowledged during the October 13, 2018 hearing in this matter, there are good arguments on both sides of the issue. In response to the Court's invitation to submit briefing on the issue, Ellis filed a Memorandum In Support Of Consideration Of

---

[7] When a party offers an impermissible expert report under the guise of rebuttal evidence, courts usually must determine whether the report should, nevertheless, be admitted as a case-in-chief expert report because the delay in disclosing the expert was "substantially justified or … harmless." *Monroe*, 2014 WL 3845121, at *8. The party seeking admission of the report bears the burden. *Goodman*, 644 F.3d at 827. The Court will forego that analysis here, however, because Ellis fails to make the argument in his brief, and instead flatly asserts that N.P. Aubin's report was timely disclosed. Dkt. 112 at 2. The report was not timely disclosed, and the Court will not evaluate an argument that Ellis fails to make.

Plaintiff's Rebuttal Experts In Support Of His Opposition To Defendants' Motion For Summary Judgment. Dkt 117. The Corizon Defendants filed a Post-Hearing Brief on the same subject (Dkt. 118) and were joined by Siegert (Dkt. 119). Ultimately, the Court finds that the position best supported by the case law and the Federal Rules of Civil Procedure is to not consider Dr. Kristensen's rebuttal report during summary judgment.

Although the Court has not been able to locate any binding precedent from the Ninth Circuit, persuasive precedent suggests that the Court is not required to consider rebuttal expert reports from a non-moving party at the summary judgment phase. *See Berlyn Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576, 581 (4th Cir. 2003) (holding that the district court did not abuse its discretion in declining to consider a rebuttal expert report offered by the non-moving party at the summary judgment phase); *Daggett v. United States*, No. 08-21026-CIV, 2010 WL 11553196, at *1 (S.D. Fla. Feb. 4, 2010) (declining to consider a rebuttal expert report at the summary judgment phase).

The view taken in these cases is consistent with the philosophy and purpose of the Federal Rules of Civil Procedure. Rule 56 motions are designed to test the sufficiency of the non-moving party's case-in-chief, and weed out cases which cannot be successfully presented at trial. For reasons further discussed below, if this matter proceeded to trial, Dr. Kristensen would only be allowed to testify at trial as to the contents of his report *after* Ellis rests his case-in-chief. And, the purpose of Rule 56 is best served by only considering evidence which the non-moving party could properly submit as part of its case-in-chief. For that reason, the Court concludes that it will not consider Dr.

Christensen's expert opinion in resolving any summary judgment motion filed in this case.

### 4. Were This Matter To Proceed To Trial, The Court Would Limit The Testimony Of Dr. Kristensen and Mr. Gravette

If this matter were to proceed to trial, Dr. Kristensen's ability to testify would depend on how the Corizon Defendants' case develops. This Court intends to adopt the limitations used by Judge Settle in *Johnson v. Grays Harbor Cmty. Hosp.*, Case No. C06-5502-BHS, 2007 WL 4510313, at *1 (W.D. Wash. Dec. 18, 2007). First, Dr. Kristensen would not be allowed to testify during Ellis' case-in-chief. *Johnson*, 2007 WL 4510313, at *2. Second, if the Corizon Defendants decide not to put their experts on, Ellis would be foreclosed from putting Dr. Kristensen on the stand. *Id.* Even if Dr. Kristensen was to testify, the Court would closely monitor the content of his testimony to ensure that it is proper rebuttal testimony; that is, testimony attacking the theories and processes used by the Corizon Defendants' experts.

Turning to Mr. Gravette's report, Corizon Defendants argue that his disclosure is improper because it amounts to a backdoor attempt to disclose an expert who should have been disclosed during the initial disclosure period. The Corizon Defendants' argument fails to acknowledge that Ellis successfully amended his complaint after the initial expert disclosure deadline to add a new defendant: N.P. Siegert of the Idaho Department of Corrections. Mr. Gravette's opinion relates directly to the standard of care owed by

prison officials to inmates and is therefore proper.[8]  Mr. Gravette's opinion has few references to the Corizon Defendants.  However, if this matter was to proceed to trial, the Court would issue an instruction to the jury that Mr. Gravette's testimony is to be considered only with respect to Ellis' claims against N.P. Siegert.

## ORDER

ACCORDINGLY, it is hereby ORDERED that:

i. The Corizon Defendants' motion to strike (Dkt. 108) N.P. Aubin's expert report is GRANTED;

ii. The Corizon Defendants' motion to strike (Dkt. 108) Dr. Kristensen's report and Mr. Gravette's report is DENIED; and

iii. Ellis' Motion for Sanctions Pursuant to Rule 11(c) (Dkt. 115) is hereby DENIED.

DATED: November 30, 2018

B. Lynn Winmill
Chief U.S. District Court Judge

---

[8] The Court's opinion is limited to the question of whether Ellis properly disclosed Mr. Gravette as an expert witness.  The Court expresses no opinion with respect to whether Mr. Gravette is a qualified expert under Federal Rule of Evidence 702.