UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT RICHARD ELLIS<br><br>Plaintiff,<br><br>v.<br><br>CORIZON, INC., DR. YOUNG, N.P. POULSON, MS. RONA SIEGERT, P.A. TAKAGI, WARDEN YORDY, N.P. GELOK, N.P. SHAFFER,<br><br>Defendants. | Case No. 1:15-cv-00304-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Kent Richard Ellis' Motion to Reconsider. Dkt. 125. For the following reasons, Ellis' Motion is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post judgment motion to reconsider as a means of litigating old matters or

presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. This Rule must be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The moving party bears the burden of proving the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

## ANALYSIS

After reviewing the Order granting Defendants' motions for summary judgment and the Parties' briefing on the issue of reconsideration, the Court finds that Ellis has not

carried his burden under Rule 59(e) or Rule 60(b), and therefore will deny his motion. The Court will briefly address the arguments included in Ellis' motion to reconsider.

First, Ellis argues that the Court erred in calculating the statute of limitations applicable to his claims. Specifically, Ellis invokes the Continuing Violations Doctrine to argue that his claims were timely. Dkt 125 at 3-5. As the Court noted in its summary judgment opinion, Ellis, who was represented by counsel through the summary judgment proceedings,[1] failed to raise the Doctrine in his initial briefing. It is too late for him to do so now. Furthermore, even if the Court excused Ellis' tardiness in raising the issue, the Doctrine is unlikely to save his claims. Ellis' healthcare was delivered by different healthcare providers at discrete points in time. Thus, the Doctrine has little, if any, effect on this case.

Second, Ellis asserts that the Court wrongly granted summary judgment to P.A. Takagi, Dr. Young, N.P. Gelok, and Corizon. Ellis' assertion rests on his belief that the Court wrongly evaluated the evidence in the case. This line of argument, however, is not an appropriate basis for a motion to reconsider. *See School Dist. No. 1J, Multnomah County, Or.*, 5 F.3d at 1263. With respect to Dr. Young, Ellis seeks to introduce excerpts

---

[1] Defendants Corizon, LLC, Dr. Young, NP Gelok, PA Takagi, and NP Schaffer (the "Corizon Defendants") note that at the time Ellis filed his *pro se* motion to reconsider, he was still represented by an attorney. Shortly after Ellis filed his motion however, his attorney, Mr. Ryan Earl, filed a motion to withdraw from the case. The Court subsequently granted the motion. Dkt. 131. Although the Corizon Defendants are technically correct that Ellis, pursuant to Federal Rule of Civil Procedure 11, should have waited to file his brief until *after* his counsel withdrew from the case to file the instant motion, the Court declines to strike the motion on that basis given that the Court finds that Ellis has failed to carry his burden on the merits.

from *Balla* Case Monitoring Meetings. Dkt. 125-1. As Defendants correctly point out, this evidence was available at the time Ellis filed his motion opposing summary judgment. Dkt. 128 at 6. Therefore, the records do not constitute "newly discovered evidence" upon which a motion under Rule 60(b) would be appropriate. *School Dist. No. 1J*, 5 F.3d at 1263. Additionally, the evidence put forth by Ellis does little to advance Ellis' claims. Of the two Exhibits, only Exhibit A has any real relevancy to Ellis' case. In it, Dr. Young explains why, in some instances, a specialist's recommendation may be overridden in favor of conservative care. Dkt. 125-1 at 2-3. This same issue was raised repeatedly in Ellis' original briefing at summary judgment and was rejected by the Court. The Court remains unpersuaded.

## ORDER

**IT IS HEREBY ORDERED:**

1. Ellis' Motion to Reconsider (Dkt. 125) is **DENIED**.

DATED: April 15, 2019

B. Lynn Winmill
U.S. District Court Judge